## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

NICHOLAS MORRIS,

     Plaintiff,

v.                                        No. 23-cv-0230-MIS-KK

CURRY COUNTY ADULT DETENTION CENTER, *et al.*,

     Defendants.

### ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE

This matter is before the Court on Plaintiff Nicholas Morris's Amended Prisoner Civil Rights Complaint, ECF No. 2 ("Amended Complaint"). Also before the Court is his Motion to Proceed *In Forma Pauperis*, ECF No. 5 ("IFP Motion"). Plaintiff was incarcerated when this case was filed and is proceeding *pro se*. He alleges a jail employee subjected him to a racial slur. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915, and based on binding Tenth Circuit case law governing this issue, the Court will grant the IFP Motion; dismiss the Amended Complaint; and allow Plaintiff to amend his pleading.

### I.     BACKGROUND

This case stems from Plaintiff's detention at the Curry County Adult Detention Center ("CCADC") in Clovis, New Mexico. On March 2, 2023, Plaintiff was standing in an outdoor area of CCADC with fellow inmate Isiah Torres. *See* ECF No. 2 at- 4-5. Colton Grieswald, a maintenance employee at CCADC, told Plaintiff: "[N-word],[1] get to picking cotton." *Id.* at 2, 5. Torres observed the exchange. *Id.* at 5. The racist abuse caused Plaintiff to experience mental and

---

[1] The Complaint alleges Grieswald used the actual slur.

emotional distress, and he needed counseling and medication following the incident. *Id.* at 5. A CCADC administrator later apologized to Plaintiff but declined to terminate Grieswald. *Id.* at 7.

Based on these facts, the Amended Complaint raises claims under 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment. *See* ECF No. 1 at 3. Plaintiff seeks $5,000 in damages from CCADC and Grieswald. Plaintiff filed an IFP Motion which reflects he cannot afford to prepay the $402 civil filing fee. *See* ECF No. 5. The Court will therefore grant the IFP Motion and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e).

## II.      STANDARDS GOVERNING INITIAL REVIEW

The Court must dismiss an *in forma pauperis* complaint at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . or . . . unfamiliarity with

pleading requirements." *Id.* Moreover, if the initial *pro se* complaint fails to state a claim, courts should generally grant leave to amend should unless amendment would be futile. *Id.*

### III.   DISCUSSION

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983. Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046.

Applying these standards, the Amended Complaint fails to state a cognizable claim against any Defendant. A jail (such as CCADC) is not a "person" subject to suit for money damages under 42 U.S.C. § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under § 1983); *Buchanan v. Okla.*, 398 F. App'x 339, 342 (10th Cir. 2010) ("State-operated detention facilities . . . . are not 'persons' . . . under § 1983"); *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) ("a detention facility is not a person or legally created entity capable of being sued" under § 1983). The § 1983 claims against CCADC must therefore be dismissed.

Plaintiff can sue individual detention officers under § 1983 and the Equal Protection Clause. That clause "'keeps governmental decision makers from treating differently persons who are in all relevant respects alike.'" *Soskin v. Reinertson*, 353 F.3d 1242, 1247 (10th Cir. 2004)

(quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).  To state an equal protection claim, a plaintiff must show that he or she is a member of a class of individuals that is being treated differently from similarly situated individuals who are not in that class.  *See SECSYS, LLC v. Vigil*, 666 F.3d 678, 688 (10th Cir. 2012)).  A plaintiff may also assert a "class of one" equal protection claim.  The "[c]lass of one doctrine focuses on discrimination not between classes or groups of persons, as 'traditional' equal protection doctrine does, but on discrimination against a specific individual." *SECSYS*, 666 F.3d at 688 (citations omitted).  Both claims require the plaintiff to show he or she was intentionally treated differently from others who are similarly situated.  *Id*.

Plaintiff, as an African-American, is a member of a protected class.  However, the Tenth Circuit has made it clear that "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."  *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (citations omitted).  This is true even where a detention officer subjects an inmate to outright racism or deplorable slurs.  *See Williams v. Levansailor*, 153 F.3d 730 (Table), 1998 WL 426865, at *1 (10th Cir. 1998) (collecting cases and noting that while the use of a racial slur "is deplorable and unprofessional," it does not rise to the level of a constitutional violation).  An exception exists where the verbal harassment "suggest[s] a show of deadly force, thus" creating a "terror of instant and unexpected death."  *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005).

Grieswald's alleged slur regarding picking cotton is objectively abusive and unacceptable. However, there is no indication the slur created an expectation of deadly force.  There are also no facts showing that the racial slurs are part of a greater pattern of discrimination.  *See, e.g.*, *Wideman v. United States Gov't*, 804 F. App'x 883, 888–89 (10th Cir. 2020) (affirming ruling that "racially discriminatory language can provide some evidence of a discriminatory purpose when . . . coupled

with some additional harassment or constitutional violation but that a racial epithet by itself is not an actionable violation of the Equal Protection Clause.").  The Complaint therefore fails to state a cognizable § 1983 claim against any Defendant and must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e).

As noted above, *pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law.  *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court will permit Plaintiff to file an amended complaint within thirty (30) days of entry of this Order.  If Plaintiff declines to timely amend or files an amendment that fails to state a cognizable § 1983 claim, the Court may dismiss his claims with or without prejudice.

**IT IS ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (**ECF No. 5**) is **GRANTED**; and his Amended Prisoner Civil Rights Complaint (**ECF No. 2**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of entry of this ruling.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE